LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE AVILA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

v.

1134 MADISON AVENUE RESTAURANT CORP.
    d/b/a NEW AMITY
and STAMATIOS BASTAS,

        Defendants.

---

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, JOSE AVILA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, 1134 MADISON AVENUE RESTAURANT CORP. d/b/a NEW AMITY (the "Corporate Defendant") and STAMATIOS BASTAS (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime, (3) compensation for unpaid spread-of-hours premiums, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JOSE AVILA, for all relevant time periods, was a resident of New York County, New York.

6. The Defendants operate a restaurant under the trade name "New Amity", located at 1134 Madison Avenue, New York, NY 10028 (herein, "New Amity").

7. Corporate Defendant:

(a) 1134 MADISON AVENUE RESTAURANT CORP. d/b/a NEW AMITY is a domestic business corporation organized under the laws of the State of New York with an address for

service of process located at 136-56 39th Avenue, Flushing, NY 11354, and a principal place of business located at 1134 Madison Avenue, New York, NY 10028.

8. Individual Defendants:

(a) (i) STAMATIOS BASTAS is a principal of the Corporate Defendant. STAMATIOS BASTAS exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to STAMATIOS BASTAS directly regarding any of the terms of their employment, and STAMATIOS BASTAS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. STAMATIOS BASTAS is regularly present at the New Amity restaurant and he directly reprimands any employee who does not perform his duties correctly.

(ii) STAMATIOS BASTAS additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. STAMATIOS BASTAS exercises functional control over the business and financial operations of the Corporate Defendant. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that New Amity is operating efficiently and profitably.

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including waiters, busboys, runners, bartenders, barbacks, hostesses, cooks, line-cooks, food preparers, dishwashers and porters) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. Furthermore, a subclass of FLSA Collective Plaintiffs who were tipped employees comprised of waiters, busboys, runners, bartenders and barbacks (the "Tipped Subclass"), also suffered from Defendants' failure and refusal to pay them the proper minimum wage. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, waiters, busboys, runners, bartenders, barbacks, cooks, line-cooks, food preparers, dishwashers and hostesses) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt

that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, busboys, runners, bartenders and barbacks ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and Tipped Subclass.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay spread of hours premium and (iii) failing to provide proper wage notice and wage statements to employees. Tipped Subclass members were also subject to Defendants' practices of failing to pay them the proper statutory minimum wage. Defendants were not entitled take any tip credits under the NYLL, because they failed to satisfy all statutory requirements for taking a tip credit. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d) Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked;

e) Whether Defendants properly provided notice to Plaintiff and members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as provided under the New York Labor Law;

g) Whether Defendants took the proper amount of tip credit allowance from the compensation of Plaintiff and Tipped Subclass members under the New York Labor Law;

  h) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

  i) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law;

  j) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

  k) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

## STATEMENT OF FACTS

22. In or around May 2016, Plaintiff JOSE AVILA was hired by Defendants to work as a waiter for the New Amity restaurant. Plaintiff JOSE AVILA worked until in or about October 2016.

23. Throughout his entire employment, Plaintiff JOSE AVILA was scheduled to work five (5) days a week: from 11:00 a.m. to 9:00 p.m., for a total of fifty (50) hours per week. Throughout his employment, he was never required to clock in or out. Other FLSA Collective Plaintiff and Class members were also scheduled to work similar hours and never required to clock in or out. Plaintiff and Class members frequently worked past their scheduled hours.

24. Throughout his entire employment, Plaintiff JOSE AVILA was paid, in cash, a straight-time hourly rate of $5.00 per hour, including hours worked over 40 per workweek. Other Tipped Subclass members were paid similar rates under the statutory minimum wage, and all Class members were similarly paid a straight-time rate for all overtime hours.

25.   At all relevant times, Defendants paid Plaintiff and Tipped Subclass members at hourly rates below the standard minimum wage.

26.   Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

27.   Plaintiff, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

28.   Plaintiff and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation.  They were never explained that Defendants were claiming a tip credit allowance and did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

29.   Defendants unlawfully failed to pay Plaintiff and the Tipped Subclass the Federal and State minimum wage for all hours worked.

30.   Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

31.   Defendants failed to keep track of the daily amount of tips received by Plaintiff and the Tipped Subclass, and also failed to keep the proper employment records required under the FLSA and NYLL.

32.   Defendants paid Plaintiff and the Tipped Subclass the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to

properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) failed to track the amount of tips received daily in violation of NYLL. Defendants also caused Plaintiff and Tipped Subclass members to spend more than 2 hours or 20% of their shift on non-tipped activities. For example, Class members were required to sweep, scrub the floor and clean the entire restaurant.

33. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL. In fact, Plaintiff and Class members never received any wage notices or wage statements during their employment with Defendants.

34. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

35. Plaintiff realleges and reavers Paragraphs 1 through 34 of this class and collective action Complaint as if fully set forth herein.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

39. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and Tipped Subclass members for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

40. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant

to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

48. Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

49. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

50. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

51. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium required by state law.

52. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

53. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

54. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid spread of hours premium due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 3, 2017

                                      Respectfully submitted,

                                      LEE LITIGATION GROUP, PLLC
                                      C.K. Lee (CL 4086)
                                      Anne Seelig (AS 3976)
                                      30 East 39th Street, Second Floor
                                      New York, NY 10016
                                      Tel.: 212-465-1188
                                      Fax: 212-465-1181

                                      *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                                      *and the Class*

                            By: */s/ C.K. Lee*
                                  C.K. Lee, Esq. (CL 4086)