# Lee Litigation Group, PLLC

30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

March 26, 2018

**VIA ECF**
The Honorable Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *Avila v. 134 Madison Avenue Restaurant Corp., et al.*
>      Case No. 17-cv-2382

Dear Judge Abrams:

We are counsel to Plaintiff. We write to respectfully request that Your Honor approve the settlement and dismiss this action in its entirety with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

### I.   Legal Standard

As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

This agreement should be approved because: (i) the Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored to wage and hour claims; and (iii) attorneys' fees are 1/3 of the settlement amount after the deduction of costs. The $5,000 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation and should be approved.

### II.  Settlement Between Plaintiff and Defendants is Objectively Fair, Adequate and Reasonable

*Plaintiff's Range of Possible Recovery*

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $5,000; $3,050 of which represents the settlement amount to be allocated to Plaintiff Jose Avila, in return for the release of his FLSA claims. Plaintiff is receiving approximately 41% of his alleged back wages owed under the FLSA, even after the deduction of attorneys' fees. Attached

hereto as **Exhibit B** are damage calculations for Plaintiff's alleged unpaid compensation, calculated to be approximately $7,500 in back wages.

Plaintiff's damage calculations assume that all of the facts alleged by Plaintiff are entirely correct. Defendants contest the majority of Plaintiff's allegations and contest that Plaintiff is owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiff was paid a valid tip credit and proper overtime for hours worked over 40 per week, Plaintiff's damages would be significantly reduced, and he would run the significant risk of obtaining less than the payment she is receiving in the settlement.

*The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiff wishes to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Such risk is unnecessary given that Plaintiff is receiving more approximately 41% of his back wages owed. Plaintiff believes the amount of $5,000 is a fair result, obtaining more than 41% of back wages owed, even after the deduction of attorney's fees, while eliminating the risks of trial.

*The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion*

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive recovery of over a third of back wages, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

**III. The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $5,000 settlement amount, $1,950 is allocated to Plaintiff's counsel as follows: $1,500 is allocated to attorneys' fees and $450 in costs ($400 filing fee and $50 service costs). The $1,500 in legal fees equals 1/3 of the settlement amount after deducting expenses, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiff's counsel's fees and costs of $1,950 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter with prejudice. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.