USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE AVILA,

        Plaintiff,

v.

1134 MADISON AVENUE RESTAURANT CORP. d/b/a NEW AMITY and STAMATIOS BASTAS,

        Defendants.

---

No. 17-CV-2382 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Jose Avila brings this action against Defendants 1134 Madison Avenue Restaurant and Stamatios Bastas for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement.

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the proposed settlement agreement, Defendants agree to pay Plaintiff $5,000.00 in one lump-sum payment. *See* Fairness Letter at 2. Of the lump sum payment, Plaintiff would receive $3,050. Plaintiff estimates he is entitled to $7,540 in back wages, in calculations he has submitted to the Court. Excluding any liquidated damages, this means the proposed settlement agreement leaves Plaintiff with 41% of the maximum amount he expects he could have recovered at trial.

This amount is fair and reasonable. Although it falls short of the maximum amount that Plaintiff asserts he might have recovered at trial, the amount is significant both as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a

settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). In particular, Plaintiff's counsel reports that "Defendants contest the majority of Plaintiff's allegations" and acknowledges the risk of Defendants succeeding at trial in proving that Plaintiff was paid a valid tip credit and proper overtime pay. *See* Fairness Letter at 2. For those reasons and based on the totality of the circumstances, the Court finds that the parties' proposed settlement amount of $5,000 is fair and reasonable.

The Court also approves the attorneys' fees and costs set forth in the Fairness Letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. Here, the fee is precisely one-third of the award, and when using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). According to the letter, Plaintiff will receive $3,050 and his attorneys will receive $1,950 ($1,500 in legal fees and $450 in costs). After costs are subtracted, the attorney's fee award is exactly one-third (33.33%) of the net settlement amount. Fairness Letter at 2. The amount of the fee is therefore reasonable as a fair percentage of the net award.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release provision at issue here is far more limited than those

routinely rejected. Plaintiff is not waiving any claims that arise *after* the date Plaintiff signs the agreement, and the release is limited to claims involving wage-and-hour issues. Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.[1]

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: November 20, 2018
       New York, New York

Ronnie Abrams
United States District Judge

---

[1] It is also noteworthy that the proposed settlement agreement does not contain a confidentiality provision. *See Guareno v. Vincent Perito, Inc.*, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014).

3